**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TIMOTHY LUTE,                                      Case No. 1:19-cv-694
      Petitioner,

                                      Dlott, J.
      vs.                                          Litkovitz, M.J.

WARDEN, CHILLICOTHE                          **REPORT AND**
CORRECTIONAL INSTITUTION,                    **RECOMMENDATION**
      Respondent.


      Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed

a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 3).  Respondent

has filed a return of writ in opposition to the petition, to which petitioner has not replied.  (Doc.

8).  For the reasons stated below the petition should be denied.

**I.  PROCEDURAL HISTORY**

### State Trial Proceedings

      On February 19, 2015, the Scioto County, Ohio grand jury returned a five-count

indictment charging petitioner with rape, two counts of kidnapping, felonious assault, and having

weapons while under disability.  (Doc. 7, Ex. 1).  Petitioner, through counsel, entered a not-

guilty plea.

      After an initial trial resulting in a hung jury and a mistrial, a second jury trial commenced

on September 14, 2015.  The jury found petitioner guilty of rape, one of the kidnapping charges,

and having a weapon while under disability.  (*See* Doc. 7, Ex. 2).  On September 22, 2015,

petitioner was sentenced to a total aggregate prison sentence of ten years in the Ohio Department

of Corrections.  (*Id.*).

## Direct Appeal

Petitioner, through different counsel, filed a notice of appeal to the Ohio Court of Appeals.  (Doc. 7, Ex. 3).  Petitioner raised the following three assignments of error in his appellate brief:

1.  The Appellant's convictions should have been overturned because Appellant received ineffective assistance of counsel at the trial court level and there were significant irregularities in the trial in the form of inappropriate and/or inadmissible testimony.

2.  The Appellant's convictions should be overturned because of inconsistencies in the jury's verdicts, jury instructions(s), and in the factual testimony.

3.  Additional issues that Appellant wants raised but for which Appellant's counsel believes there is not sufficient basis in law or fact to raise.

(Doc. 7, Ex. 4).  On November 28, 2016, the Ohio Court of Appeals sustained petitioner's first assignment of error in part, finding that the trial court violated his right to testify in his own defense.  The Ohio appeals court vacated the judgment entry and remanded the case to the trial court.  (Doc. 7, Ex. 7).

## Remand

On May 4, 2017, petitioner, through new counsel, filed a motion to dismiss.  (Doc. 7, Ex. 8).  The motion was denied by the trial court.  (Doc. 7, Ex. 9).  Petitioner, through counsel, also filed a motion to set aside the court costs assessed as a result of his first trial.  (Doc. 7, Ex. 10).  On May 9, 2017, petitioner withdrew his initial not guilty plea and entered a plea of no contest to one count of kidnapping.  (Doc. 7, Ex. 11).  The trial court accepted his plea and sentenced petitioner to a prison sentence of five years in the Ohio Department of Corrections.  (Doc. 7, Ex. 12, 13).

2

The trial court granted petitioner's motion to set aside the court costs assessed as a result of his June 15, 2015 trial that resulted in a mistrial.  (Doc. 7, Ex. 14).

Petitioner, through counsel, filed a notice of appeal.  (Doc. 7, Ex. 15).  Petitioner raised the following single assignment of error in his merits brief:

> The trial court erred when it denied Timothy Lute's double-jeopardy motion to dismiss.  Fifth, Sixth, and Fourteenth Amendments, United States Constitution; Article I, Sections 10 and 16, Ohio Constitution.  May 9, 2017 Judgment Entry (denying motion to dismiss); May 4, 2017 Hearing Tr.

(Doc. 7, Ex. 16 at PageID 230).  On May 17, 2018, the Ohio Court of Appeals overruled petitioner's assignment of error and affirmed the judgment of the trial court.  (Doc. 7, Ex. 19).

## Mandamus Petition

On August 28, 2018, petitioner filed a petition for a writ of mandamus in the Ohio Court of Appeals.  Petitioner sought to compel the trial court to recalculate his court costs in light of the Ohio Court of Appeals' order in case no. 15-CA-3715 that costs be assessed to the State of Ohio.[1]  (*See* Doc. 3-1 at PageID 60).  On October 22, 2018, the Ohio Court of Appeals denied the petition, finding that petitioner failed to comply with Ohio Rev. Code § 2969.25(C).[2]  (*Id.*).

Petitioner filed an appeal to the Ohio Supreme Court; however, his filing was returned to him as untimely.  (*See* Doc. 3-1 at PageID 59).[3]

---

[1] Viewed at  https://www.sciotocountycpcourt.org/eservices under Case No. 18CA003847.  This Court may take judicial notice of court records that are available online to members of the public.  *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[2] Ohio Rev. Code § 2969.25(C) requires that a prisoner who seeks to waive the prepayment of the full filing fee must file an affidavit of indigency, as well as an inmate account balance statement certified by the institutional cashier.  The Ohio Court of Appeals ruled that petition included an affidavit of indigency but failed to include a verified statement.  (*See* Doc. 3-1 at PageID 60).

[3] The only appeal filed by petitioner in the Ohio Supreme Court is in case number 2019-0406.  In that case, petitioner appealed from the trial court's December 14, 2018 ruling denying petitioner's motion for production of

**Federal Habeas Corpus**

On August 21, 2019, petitioner commenced the instant federal habeas corpus action.  (*See*

Doc. 1).  Petitioner raises the following single ground for relief in the petition:

> **GROUND ONE**: FOURTH APPELLATE DIST. COURT ISSUED AN ORDER
> 2016, OF COST OF PROCEEDINGS TO APPELLEE THAT HAS NOT BEEN
> COMPLIED WITH.
>
> Supporting Facts: the Appellate Court of the Fourth Appellate Dist. issued an order
> for cost of proceedings to be payed (sic) by the appellee in case number 15 CA
> 3715, however, Appellee has refused, and the Appellate Dist Court has went back
> on its order, by disregarding civil proceedings and that of due process of Appellant.
> Even as set forth within Appellant's Memorandum In Support of Jurisdiction, Pro
> Se to the Supreme Court of Ohio, page 1, the Administrative Judge may have
> maliciously neglected Appellant's Affidavit of Indigent from case no. 1[8]CA3847,
> statute law R.C. 2731.01; 2731.04, of MANDAMU[S].

(Doc. 3 at PageID 44).

Respondent has filed a return of writ in opposition to the petition.  (Doc. 8).  According

to respondent, petitioner's single ground for relief is non-cognizable.  As noted above, petitioner

has not replied to the return of writ.

## II.  THE PETITION SHOULD BE DENIED.

In petitioner's single ground for relief, petitioner contends that the State of Ohio has

failed to comply with the Court of Appeals' order requiring it to pay court costs.  He further

contends that his affidavit of indigence was not considered in the adjudication of his petition for

a writ of mandamus seeking recalculation of his court costs.

28 U.S.C. § 2254(a) provides that district courts have jurisdiction to entertain petitions

for habeas relief "only from persons who are *in custody* in violation of the Constitution or law or

---

court documents.  Viewed at https://www.supremecourt.ohio.gov/Clerk/ecms/#/search under case number 2019-
0406.

treaties of the United States." *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (emphasis in original)

(internal citation and quotation marks omitted).  Subject matter jurisdiction therefore exists "only

for claims that a person is in custody in violation of the Constitution or laws or treaties of the

United States." *Washington v. McQuiggin*, 529 F. App'x 766, 772–73 (6th Cir. July 11, 2013)

(internal citation and quotation marks omitted).

Petitioner's single ground for relief challenging the imposition of court costs does not

state a cognizable claim for federal habeas relief.  *See McQuiggin,* 529 F. App'x at 772 (6th Cir.

2013) (and cases cited therein) (in holding that the federal habeas court lacked subject matter

jurisdiction to consider petitioner's claim challenging the portion of his sentence requiring him to

pay his court-appointed counsel's fees, the Sixth Circuit pointed out by way of analogy that

"fines or restitution orders fall outside the scope of the federal habeas statute because they do not

satisfy the 'in custody' requirement of a cognizable habeas claim" and that "collateral relief from

a noncustodial punishment, such as a fine or restitution order, is not made readily available to a

defendant just because he happens to be subject to custodial penalties").  *See also Warsaw vs.*

*Palmer*, No. 16-2554, 2017 WL 5201934, at *1 (6th Cir. Apr. 19, 2017) (denying a certificate of

appealability on the petitioner's ground for relief challenging court costs, reasoning that the

"ground for relief is not cognizable because it does not challenge the fact or duration of his

confinement");  *Bailey v. Hill,* 599 F.3d 976, 979–84 (9th Cir. 2010) (and cases cited therein)

(involving restitution order imposed as part of the criminal sentence); *King v. Booker,* No.

2:11cv13676, 2014 WL 2587638, at *10–11 (E.D. Mich. June 10, 2014) (same); *Boadway v.*

*Ludwick,* No. 2:09cv12328, 2011 WL 5107599, at *10 (E.D. Mich. Oct. 27, 2011) (relying on

precedents involving habeas challenges to fines in holding that a "challenge to the trial court's

imposition of costs is not a cognizable claim upon habeas review").

Furthermore, to the extent that petitioner contends that the Ohio courts erred in applying Ohio law, he also fails to state a cognizable ground for federal habeas relief. As noted above, the Ohio Court of Appeals ruled that petitioner did not comply with Ohio Rev. Code § 2969.25(C) in dismissing his petition for a writ of mandamus, which required that petitioner submit an affidavit of indigence and verified prisoner account statement. (*See* Doc. 3-1, at PageID 60). In the supporting facts for his single ground for relief, petitioner argues that his affidavit of indigency was "maliciously neglected." (Doc. 3 at PageID 44). However, to the extent that petitioner contends that the Ohio Courts misapplied Ohio Rev. Code § 2969.25 or the Ohio statutes governing writs of mandamus listed in his single ground for relief, his claim is not cognizable.

A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Therefore, to the extent that petitioner seeks relief for the state court's alleged failure to correctly apply Ohio law, he fails to state a cognizable claim for relief. *See Burrell v. Smith*, No. 1:12-cv-2233, 2014, WL 1246847, at *13 (N.D. Ohio Mar. 24, 2014) ("Generally, a challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action.") (collecting cases).

Accordingly, in sum, the petition should be denied because the claims asserted in petitioner's single ground for relief are not cognizable.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further."  *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)).  *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:___9/25/2020_____

Karen L. Litkovitz
United States Magistrate Judge

7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TIMOTHY LUTE,                                  Case No. 1:19-cv-694
     Petitioner,

                                     Dlott, J.
     vs.                                        Litkovitz, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
     Respondent.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).